**WICHITA CLUB, Plaintiff-Appellee,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

**No. 71-2665
Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1972.

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Eldon B. Mahon, U. S. Atty., Dallas, Tex., Eugene G. Sayre, Atty., Tax Div., Dept. of Justice, Dallas, Tex., Fred B. Ugast, Acting Asst. Atty. Gen., Gilbert E. Andrews, Atty., Tax Div., Department of Justice, Washington, D. C., Martha Joe Stroud, Asst. U. S. Atty., Meyer Rothwacks, Elmer J. Kelsey, Richard Farber, Attys., Tax Division, Department of Justice, Washington, D. C., of counsel, for defendant-appellant.

Harold D. Rogers, Paul Eggers, Wichita Falls, Tex., Sherrill, Pace & Rogers, Wichita Falls, Tex., of counsel, for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

The United States appeals from the judgment of the district court granting the Wichita Club a refund of excise taxes collected under Section 4241 of the Internal Revenue Code of 1954[1] during the taxable quarters ending September 30, 1963, through December 31, 1965. The district court held that the funds collected by voluntary assessment for the Club Liquor Pool and paid into the Liquor Pool Account were not subject to excise tax as membership dues or fees. We find that the court erroneously applied the relevant law to the facts which he found and reverse.

The Wichita Club was organized as a social club and provided its members with restaurant, bar, meeting room, and entertainment facilities. The members were assessed monthly dues on a federal excise tax included basis. During the relevant time period the Club sold alcoholic beverages to its members through a Liquor Pool which was funded by a voluntary $6.00 per month, per member assessment.[2] A portion of the Liquor Pool Assessment funds were put into a bank account designated "Liquor Pool Account" and used to purchase the alcoholic beverages put into drinks sold by the Club, and to pay state alcohol licensing fees. The Club made a "service" charge for each drink sold to cover overhead expenses in connection with the bar operation; no charge was made for the alcohol served in each drink. No member could purchase drinks containing alcohol unless the member had paid the Liquor Pool Assessment. All club members, except for three honorary members, paid the Liquor Pool Assessment.

The Club paid federal excise taxes on the portion of the Liquor Pool assessments which was not put into the Liquor Pool Account. In March, 1967, the Internal Revenue Service notified the Club that it owed additional excise taxes of $6,322.05 on the funds deposited by the Club in the Liquor Pool Account during the taxable period. The Club paid the additional taxes, was denied a refund, and then instituted this suit.

Following trial the court made findings that the club's members had the full use of the club's facilities irrespective of the payment of the Liquor Pool assessment and that the funds collected

---

1. 26 U.S.C. § 4241. This portion of the 1954 Code was repealed effective January 1, 1966, by P.L. 89–44, Title III, § 301, 79 Stat. 145 (1965).

2. The Liquor Pool was established to comply with the requirements of Texas law. Vernon's Penal Code, Art. 666–15e, subd. 1(c) (Supp. 1971).

and the alcoholic beverages purchased were owned by the members of the club. The court concluded that the funds paid into the Liquor Pool Account did not represent an "assessment" or a charge for social privileges or facilities of the club and that those funds were not membership dues within the meaning of §§ 4241–42 of the Internal Revenue Code.

In construing the earlier acts [3] imposing an excise tax on dues, the Supreme Court noted:

> Consideration of the nature of club activity is a necessary preliminary to the formulation of a test of what constitutes a "due or membership fee." So far as finances go, the fundamental notion of club activity is that operating expenses are shared without insistence upon equivalence between the proportion of an individual's contributions and the proportion of the benefits he receives. Thus, on the one hand, payment of the price of an individual dinner at the club dining room or of a single round of golf lacks the element of making common cause inherent in the idea of club activity. But, on the other hand, payment for the right to repeated and general use of a common club facility for an appreciable period of time has that element and amounts to a "due or membership fee" if the payment is not fixed by each occasion of actual use.

White v. Winchester Country Club, 315 U.S. 32, 41, 62 S.Ct. 425, 430, 86 L.Ed. 619, 625–626 (1942). The Internal Revenue Code of 1954 expanded the definition of taxble "dues" to include:

> " . . . [A]ny assessment, irrespective of the purpose for which made, and any charges for social privileges or facilities, . . . for any period of more than six days;" § 4242(a)

The district court concluded that because club members here had full use of the club facilities, the Liquor Pool Assessment funds actually deposited in the account were not "dues" within § 4242. We believe that the court plainly overlooked the legal significance of the fact that only by paying this $6 per month assessment could a member become entitled to drinks containing alcohol. Although this assessment was paid a "voluntary" basis, it nevertheless constituted a charge for the social privilege of purchasing drinks containing alcohol at the Club bar, and was therefore subject to the excise tax.

Only a portion of the Liquor Pool Assessment was actually paid into the Liquor Pool Account, yet the full $6 assessment was required in order to purchase drinks containing alcohol at the bar. The fact that a portion of the assessment was used to purchase the alcohol makes the $6 assessment no less "dues" than if the club used a portion of the assessment to purchase bar stools or other material commonly shared by the membership. Boots and Saddles, Inc. v. United States, 269 F.Supp. 274 (E.D.Mich.1967). The Club argues that the Liquor Pool assessment funds and the alcoholic beverages purchases were owned by the members of the club and that in effect the government is attempting to tax the purchase of liquor. However, even assuming that each member who paid the voluntary Liquor Pool assessment had some identifiable interest in the liquor purchased, his payment not only gave him the right to consume his portion of the liquor purchased, but to also share in the consumption of the liquor attributable to the contribution of other members. This sharing of expenses without insistence upon equivalence of benefits presents the element of "common cause" which the Supreme Court determined to be the test in *White*. See Freeport Country Club v. United States, 430 F.2d

3. Although *White* concerned dues as defined in Section 501 of the Revenue Act of 1926, as amended by Section 413 of the Revenue Act of 1928, that definition has been broadened rather than narrowed by later amendment. See Freeport Country Club v. United States, 430 F.2d 986, 990 (7th Cir. 1970).

986 (7th Cir. 1970) Treas.Reg. § 49.4242–1 (1965).

Accordingly the funds paid into the Liquor Pool Account during the taxable period did represent membership dues or fees within the meaning of § 4241 and § 4242 of the Internal Revenue Code. The judgment of the district court is reversed and the cause is remanded with directions to enter judgment for the defendant.

Reversed and remanded with directions.